Mr. Chief Justice Sharkey
delivered the opinion of the court.
The appellant filed his bill in the vice-chancery court, in which he alleges that he had recovered judgment in Alabama against R. L. Harris, J. M. Harris, and respondent, N. Harris; that the parties had removed from Alabama to this state; that the two first were insolvent; that N. Harris had purchased a tract of land in this state, and paid for it with his own money, but the deed was made to his son, J. C. Harris, and the prayer is, that this land be made subject to the satisfaction of this judgment. The answer of N. Harris denies that he has any right to the land; but admits that some time prior to the purchase he had given to his son $400, with which he subsequently made the purchase, though the gift of money was not made with a view to the purchase of this particular tract of land, but was a bond fide gift to J. C. Harris. The answer of J. C. Harris is, to the same effect. The proof is mostly circumstantial, and certainly conduces very strongly to establish the allegations of the bill.
The answers were also filed as demurrers, and thus raise the question whether the bill presents such a case as entitles the complainant to the aid of a court of chancery. It will be seen that the complainant does not resort to that tribunal to establish an equitable right, but to have equitable assets subjected to what is confessedly a legal right; in other words, to have what is regarded as an equity subjected to the satisfaction of a judgment. The power of a court of chancery is ample in such cases, but its authority is invoked only in aid of the execution process; hence the general rule is, where the object is to reach mere equitable assets, that an execution must be returned nulla bona. But *372 the judgment in Alabama will not entitle the complainant to relief in aid of that judgment in this state. 1 S. & M. Ch. Rep. 559. It constitutes but a cause of action in this state. When the party obtains a judgment here, and fails to obtain satisfaction, it will then be time enough to call in the aid of a court of chancery, to subject the equitable assets of defendants.
Decree affirmed.